IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Karen Danette Trent, | ) | C/A No. 0:16-2624-MGL-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Karen Danette Trent, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and remanded for further proceedings as set forth below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).

obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**ADMINISTRATIVE PROCEEDINGS**

In July 2012, Trent applied for DIB and SSI, alleging disability beginning January 1, 2009. Trent's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on September 11, 2014 at which Trent, who was represented by Beatrice Whitten, Esquire, appeared and testified. After hearing testimony from Trent's sister as well as a vocational expert, the ALJ issued a decision on December 24, 2014 concluding that Trent was not disabled from January 1, 2009 through the date of the decision. (Tr. 9-19.)

Trent was born in 1971 and was thirty-seven years old at the time of her alleged disability onset date. (Tr. 18.) She has a high school education, and has past relevant work experience as customer service representative and house keeper. (Tr. 196.) Trent alleged disability due to chronic obstructive pulmonary disorder, post-traumatic stress disorder, and attention deficit hyperactivity disorder. (Tr. 195.)

In applying the five-step sequential process, the ALJ found that Trent had not engaged in substantial gainful activity since January 1, 2009—her alleged onset date. The ALJ also determined that Trent's anxiety, post-traumatic stress disorder, and chronic obstructive pulmonary disorder were severe impairments. However, the ALJ found that Trent did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found, after consideration of the entire record, that Trent retained the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering,



and carrying out simple instructions with no ongoing interaction with the public and the claimant should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.

(Tr. 13.) The ALJ found that Trent was unable to perform past relevant work but that, considering Trent's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Trent could perform. Therefore, the ALJ found that Trent was not disabled from January 1, 2009 through the date of the decision.

The Appeals Council denied Trent's request for review on June 11, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

PJG

**ISSUES**

Trent raises the following issues for this judicial review:

I. The ALJ's Step Two analysis is not supported by substantial evidence; and

II. The ALJ's Listing analysis is not supported by substantial evidence; and

III. The ALJ's RFC analysis is not supported by substantial evidence; and

IV. The ALJ failed to properly weigh the opinion evidence of record; and

V. The ALJ failed to carry his burden at Step Five of the sequential evaluation process.

(Pl.'s Br., ECF No. 12.)

**DISCUSSION**

Because the court finds Trent's fifth issue warrants remand, it addresses this issue first. The ALJ determined that Trent was not disabled because she can perform unskilled work at any level. (Tr. 18, 19.) In so concluding, the ALJ relied on the Medical-Vocational Guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids"). Two problems arise in connection with the ALJ's reliance on the Grids in this regard.

First, use of the Grids conflicts with the ALJ's previous determination that Trent had moderate limitations in concentration, persistence, and pace and his expressed reliance on the state agency psychological consultant, Dr. Judith Von, Ph.D., who found Trent also to be moderately limited in her ability to respond appropriately to changes in the work setting and moderately limited in her ability to carry out detailed instructions. The ALJ ultimately appears to have accounted for the latter limitation by formulating Trent's residual functional capacity to include a limitation of understanding, remembering, and carrying out simple instructions with no ongoing interaction with the public. (Tr. 13.) However, he apparently failed to account for the limitation in responding

appropriately to changes in the work setting opined by Dr. Von, which he appeared to credit. For example, the ALJ stated, "The state agency psychological consultant's [Dr. Von's] limitations are consistent with the findings of the consultative examiner [Dr. Fishburne] *and are reflected in the above residual functional capacity.*" (Tr. 17.) But, he proceeded to find that Trent's residual functional capacity did not preclude unskilled work at any level. (Tr. 18, 19.) This conflicts with Dr. Von's limitation—which the ALJ intimated he was adopting—because unskilled work generally includes dealing with changes in a routine work setting. See SSR 96-9p; see also Program Operations Manual System ("POMS") § DI 25020.010(A)(3). Accordingly, the court is unable to conclude that the ALJ's finding that Trent could perform unskilled work is supported by substantial evidence.

Second, the court agrees that the ALJ's reliance on the Grids was unsupported based on his finding that Trent was limited to "understanding, remembering, and carrying out simple instructions with no ongoing interaction with the public." (Compare Tr. 13 with Tr. 18, 19.) Trent argues that the ALJ erred in relying on the Grids and was required to obtain vocational expert testimony as to the availability of jobs. Recently, various courts in this district have addressed this precise issue and concluded that use of the Grids in light of such a limitation is precluded and vocational expert testimony is necessary. In Hall v. Berryhill, C/A No. 2:16-583-BHH-MGB, 2017 WL 2805045 (D.S.C. June 13, 2017),[3] the court addressed this same ALJ's findings which were almost identical to those he found in Trent's case and concluded that the restriction to no ongoing interaction with the general public would conflict with the claimant's ability to meet the basic demands of unskilled

---

[3] The court notes this Report and Recommendation was adopted and incorporated by the assigned district judge. See Hall v. Berryhill, C/A No. 2:16-583-BHH, 2017 WL 2797513 (D.S.C. June 28, 2017).

work. Id. at *14. Other courts within this district have similarly held. See Burris v. Atrue, No. 8:10-94-JDA, 2011 WL 3876985, at *12 (D.S.C. Aug. 31, 2011) (holding that the ALJ erred in relying on SSR 85-15 and the Grids to conclude that the plaintiff could perform unskilled work when he had found that the plaintiff's on-the-job social interaction should be limited and that the ALJ was required to obtain vocational expert testimony due to the plaintiff's nonexertional impairments); Haselden v. Astrue, No. 0:10-545-CMC-BM, 2011 WL 2034457, at *3 (D.S.C. May 23, 2011) (finding that the ALJ's reliance on SSR 85-15 ignored that the assessed RFC conflicted with the basic demands of unskilled work provided in another portion of the definition of unskilled work contained in SSR 85-15); contra Leftwich v. Colvin, 1:13CV00414, 2016 WL 126753, at *9 (M.D.N.C. Jan. 11, 2016) (holding that the ALJ was entitled to rely on the Grids despite his finding that the claimant could not handle extensive social interaction or any contact with the general public). Finding these decisions persuasive, the court concludes the ALJ should not have relied on the Grids based on the nonexertional limitations he credited to Trent.

Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address the plaintiff's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

Page 7 of 9

PJG

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed and remanded for further proceedings as set forth herein.

October 26, 2017
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).